﻿Citation Nr: AXXXXXXXX
Decision Date: 06/26/19 Archive Date: 06/26/19

DOCKET NO. 190514-6399
DATE: June 26, 2019

ORDER

Entitlement to special monthly compensation based on the need for aid and attendance is granted.

FINDING OF FACT

The Veteran requires the regular aid and attendance of another person to accomplish the activities of daily living due to service-connected disabilities. 

CONCLUSION OF LAW

The criteria for entitlement to special monthly compensation based on the need for aid and attendance have been met. 38 U.S.C. §§ 1114(l) (2012); 38 C.F.R. §§ 3.350, 3.352(a) (2018).

REASONS AND BASES FOR FINDING AND CONCLUSION

Entitlement to special monthly compensation based on the need for aid and attendance is granted.

The Veteran served from September 1959 to April 1967, including service in Vietnam. 

The Veteran is in receipt of a total disability rating due to individual unemployability (TDIU) as the result of service-connected Parkinson’s disease symptoms. He is seeking special monthly compensation (SMC) based on the need for regular aid and attendance. In his initial February 2018 claim for aid and attendance, the Veteran’s physician submitted a VA disability benefits questionnaire indicating that the Veteran was living in an assisted living facility, was bradykinetic with stooped posture, had slow and stiff movements, was unsteady, required a walker, needed assistance to dress and shower, had cognitive impairment, and could leave the facility only with the assistance of family members. In April 2018, a VA examiner determined that the Veteran needed assistance bathing, attending to hygiene needs, preparing meals, managing his medication, and handling his finances. The examiner noted that the Veteran resided in an assisted living facility and could not leave the facility without supervision. In May 2018, a Department of Veterans Affairs (VA) regional office granted service connection for Parkinson’s symptoms and granted the Veteran’s claim for entitlement to a TDIU but denied the claim for aid and attendance. 

The Veteran filed a supplemental claim for entitlement to aid and attendance in February 2019. Along with the supplemental claim, the Veteran submitted a November 2018 opinion from a private physician noting among other things that the Veteran had had repeated falls. VA medical records from November and December 2018 note that the Veteran had been measured for a wheelchair. 

SMC for aid and attendance is warranted when a Veteran is helpless or so nearly helpless as the result of service-connected disability that he requires the regular aid and attendance of another person. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b). Determinations as to need for aid and attendance must be based on actual requirements of personal assistance from others. 38 C.F.R. § 3.352(a). In making such determinations, consideration is given to such conditions as the following: the inability of the claimant to dress or undress himself or to keep himself ordinarily clean and presentable; the frequent need of the adjustment of any special prosthetic or orthopedic appliance which by reason of the particular disability cannot be done without aid; the inability of the claimant to feed himself through loss of coordination of the upper extremities or through extreme weakness; the inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to daily environment. Id.

Here, as a result of his Parkinson’s symptoms the Veteran lives in an assisted living facility from which he is unable to venture without assistance and taxing effort. He receives regular aid and attendance for dressing and undressing, bathing or showering, taking medication, accomplishing daily tasks as a result of cognitive impairment, and basic locomotion. Accordingly, the Board finds that entitlement to SMC based on the need for aid and attendance is warranted. 

 

CAROLINE B. FLEMING

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD David S. Katz, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.